UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EVENS CLAUDE,

                          Plaintiff,

        v.

WARDEN OF MDC BROOKLYN, MDC BROOKLYN, and BOP,

                          Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

21-CV-05631 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

    Evens Claude ("Plaintiff") filed this action against the Warden of the Metropolitan Detention Center ("MDC"), MDC Brooklyn, and the Bureau of Prisons (collectively "Defendants"), alleging that Defendants provided him inadequate medical care in violation of the Eighth Amendment. For the reasons discussed below, the complaint is dismissed without prejudice for failure to prosecute.

## BACKGROUND[1]

    Plaintiff commenced the instant action on October 12, 2021. (Compl., ECF No. 1.) However, in contravention of Federal Rule of Civil Procedure 11, Plaintiff failed to sign his complaint. On October 20, 2021, the Court issued a notice of deficient filing, requiring Plaintiff to file a signed complaint within 14 days. The order was mailed to Plaintiff on November 16, 2021. Plaintiff failed to file a signed complaint. By order dated December 20, 2021, the Court again directed Plaintiff to file a signed complaint, giving him until January 11, 2022, to do so. In

---

[1] The following facts are derived from the complaint and are assumed to be true for the purpose of this memorandum and order. The Court refers to the page numbers assigned by the court's ECF system.

1

the December 20, 2021, order, the Court warned Plaintiff that failure to abide by the Court's order may result in dismissal for failure to prosecute.  Plaintiff failed to respond.  Finally, by order dated February 1, 2022, Plaintiff was again directed to file a signed complaint by March 11, 2022, and was warned that failure to do so may result in dismissal of his case for failure to prosecute.  Plaintiff again failed to respond.  Indeed, Plaintiff has not filed anything on the docket since October 12, 2021.

## DISCUSSION

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]"  Fed. R. Civ. P. 41(b).  The prudent application of this rule is "'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Manshul Const. Corp. v. Int'l Fid. Ins. Co.*, 182 F.3d 900, 900, 1999 WL 461756, at *2 (2d Cir. 1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)) (dismissing *sua sponte* with prejudice).  Notwithstanding its benefits, disposal of cases for want of prosecution is "'a harsh remedy to be utilized only in extreme situations.'" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.3d 853, 855 (2d Cir. 1972) (per curiam)).  Thus, as a procedural safeguard, district courts must balance five factors, none of which are dispositive, when determining the propriety of dismissal for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard,

and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535. That said, the latitude afforded to unrepresented parties does not exempt them from diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab'y.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months).

Dismissal is proper here. *First,* more than a year has lapsed since Plaintiff was first directed to file a signed complaint. While there is no bright-line rule, the Second Circuit has found shorter periods of inaction sufficient to warrant dismissal. *See, e.g.*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666–68 (2d Cir. 1980) (affirming the district court's decision that a six-month delay sufficed for dismissal for failure to prosecute); *Ruzsa v. Rubenstein & Sendy Att'ys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (characterizing a delay of nearly eight months as a "delay of significant duration" warrants dismissal for failure to prosecute (citing *Drake*, 375 F.3d at 254)); *Lyell Theatre Corp.*, 682 F.2d at 42–43 (noting that delays that are "merely a matter of months" may support dismissal). Without question, a more than one-year delay is sufficient.

3

*Second*, Plaintiff has been given two clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute. On December 20, 2021, Plaintiff was directed to file a signed complaint by January 11, 2022, and was warned that failure to do so may result in dismissal for failure to prosecute. Plaintiff failed to respond. Then, on February 1, 2022, Plaintiff was again ordered to file a signed complaint and was again warned that failure to do so may result in dismissal for failure to prosecute. Still, Plaintiff did not respond. These notices are sufficient to support dismissal here. *See, e.g.*, Hunter v. New York State Dep't of Corr. Servs., 515 F. App'x 40, 43 (2d Cir. 2013) (finding sufficient notice of dismissal where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute").

*Third*, any further delay would prejudice Defendant. Whether a defendant has been prejudiced "turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256. This case has been pending for more than a year. The Second Circuit has approved of the application of a presumption of prejudice where a plaintiff fails to respond to a court order for shorter periods of time. *See, e.g.*, Brow v. City of New York, 391 F. App'x 935, 937 (2d Cir. 2010) (affirming dismissal where Plaintiff caused a delay of nearly six months). As such, Defendants are presumed to be prejudiced. *See Wade v. Nassau Cnty.*, 674 F. App'x 96, 97–98 (2d Cir. 2017) (affirming dismissal where "the defendants [ ] had actively defended [the] case" and "would be prejudiced by further delay.").

*Fourth*, a balancing of the Court's interest in managing its docket and Plaintiff's interest in its chance to be heard weighs in favor of dismissal. This prong is satisfied where the Court affords a plaintiff "ample time to inform the Court that [it] [stands] ready to press [its] claims[.]"

4

*Ruzsa*, 520 F.3d at 177–78.  Here, prior to pursuing dismissal, the Court issued an order granting Plaintiff one additional month to indicate that he stood ready to proceed.  More than eight months have elapsed since the issuance of the Court's most recent order, yet Plaintiff has failed to contact the Court.  In other words, Plaintiff has been given ample time to indicate his readiness to proceed.  *See id.* (finding fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Plaintiff's repeated failures to respond to the Court's orders, no lesser sanctions would be effective.  *See, e.g.*, Horton v. City of New York, No. 14-CV-04279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warning from this Court that the case would be dismissed.  Further warnings are likely to be futile.  No lesser sanction would be effective and dismissal at this juncture is the only appropriate course,") *report and recommendation adopted*, No. 14-CV-04279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822, 824 (2d Cir. 2016).  Indeed, in light of the substantial period that has lapsed since Plaintiff has taken any action in the case, the Court is hard pressed to see how any other sanction might move Plaintiff to act.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice.  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                              SO ORDERED.

Dated: Brooklyn, New York            /s/ LDH
       December 27, 2022                 LaSHANN DeARCY HALL
                                              United States District Judge